UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Joes E. Rios, | ) | Civil Action No. 4:16-1314-MGL-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| E. Slater (F.N.U.), D.H.O. Officer, | ) | |
| F.C.I. Williamsburg; | ) | |
| W. McLean (F.N.U.), S.I.S. Technician, | ) | |
| F.C.I. Williamsburg; | ) | |
| D. Whitehurst (F.N.U.), A.H.S.A., | ) | |
| F.C.I. Williamsburg, | ) | |
| | ) | |
| Defendents. | ) | |
| | ) | |

This is a civil action filed pro se by Plaintiff Jose E. Rios, a federal inmate currently housed at the Federal Correctional Institution Marianna in Marianna, Florida. On April 25, 2016, Plaintiff filed this complaint alleging a violation of his constitutional rights pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1] On October 24, 2016, Defendants filed a Motion to Dismiss or, in the alternative, a Motion for Summary Judgment. Because Plaintiff is proceeding pro se, he was advised on or about October 25, 2016, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the procedure for a Motion to

---

[1] In Bivens, the Supreme Court established a cause of action against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Case law involving § 1983 claims is applicable in Bivens actions and vice versa. *Id.*. *See also* Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir.1988).

Dismiss/Summary Judgment and the possible consequences if he failed to respond adequately. (Doc. #29). Plaintiff responded to Defendants' motion on November 28, 2016.[2] On December 8, 2016, Defendants filed a reply. (Doc. #35).

## BACKGROUND

Plaintiff was sentenced on August 3, 2006, by the United States District Court in the Southern District of Florida to 240 months of incarceration, followed by a three year term of Supervision for Conspiracy to Commit Alien Smuggling, Alien Smuggling, Possession with Intent to Distribute Marijuana in the form of Hashish Oil, Attempting to Import Marijuana in the Form of Hashish Oil, and Possession with Intent to Distribute Marijuana in the form of Hashish Oil on Board a Vessel.

Plaintiff was housed at the Federal Correctional Institution (FCI) Williamsburg, from July 12, 2013, to March 14, 2014. On April 25, 2016, Plaintiff filed this action alleging that his due process rights were violated during his disciplinary hearing (DHO) and rehearing while at FCI Williamsburg, when he was found to have violated Inmate Discipline Code 111A, Attempted Introduction of Narcotics. Specifically, Plaintiff alleges that Defendant Slater violated his rights by imposing disciplinary sanctions against him without having any BOP staff perform a chemical analysis for an ingredient found in an envelope mailed to him to verify that it was Suboxone before charging and convicting him of narcotics. Further, Plaintiff alleges that Defendant McLean

---

[2] In footnote one of Plaintiff's response to the Motion to Dismiss, he requests to amend his complaint to include "that the Memo's allowance of identification of a substance by sight, is not only impossible, but is in itself unconstitutional because an inmate cannot put up any adequate defense when there is no test." As this is construed as a Motion to Amend, it is denied as futile based upon the reasons set forth in this Report and Recommendation.

2

investigated an envelope addressed to Plaintiff in the institution mail containing a smaller envelope of Suboxone and relied on a visual identification from Defendant Whitehurst verifying the substance instead of having chemical analysis performed. Plaintiff asserts that Defendant McClean filed Incident Report #2516102 against him knowing that the substance had not been tested. As a result, Plaintiff was sanctioned including the loss of good time credit and visitation rights. (Doc. #1-1). Plaintiff alleges these Defendants were equally responsible in violating his due process rights and seeks actual and punitive damages in the amount of $7000.00.

Plaintiff filed Remedy #762630-R1 on December 24, 2013, and Remedy #762630-R2 on January 21, 2014, appealing the DHO sanctions through the Administrative Remedy Program. On January 22, 2014, a rehearing on Code 111A violation was ordered. On February 5, 2014, a DHO rehearing was held on Incident Report #2516102 on the charge of a violation of Code 111A. Again, Plaintiff was convicted for the prohibited act of a Code 111A violation and sanctions were imposed. Plaintiff received the following sanctions imposed by Defendant Slator: forty-five days Disciplinary Segregation (DS); forty-one days disallowance of Good Conduct Time (GCT); loss of privileges of visiting for one year, to be restored on December 4, 2014; and loss of privileges for visitors of one year to start on December 4, 2014, and end on December 5, 2015, wherein only immediate family would be allowed to visit. Defendant Slater signed the DHO report on February 5, 2014, and Plaintiff received a copy of the DHO report on February 11, 2014.

Defendants stipulate that Plaintiff has exhausted his administrative remedies.[3] Defendants

---

[3] In his response to the motion for summary judgement, Plaintiff asserts claims of a due process violation alleging violations of BOP policy and procedures associated with the disciplinary hearing. (Doc. #34). These are attempts to raise new claims with regard to a violation of his due process rights. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). These are new matters that were not raised in the complaint and cannot be

3

seek dismissal of Plaintiff's claims against them pursuant to Fed.R.Civ.P. 12(b)(6).

## MOTION TO DISMISS

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 556 U.S. at 677-78 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted);

---

raised in a response to a motion for summary judgment. White v. Roche Biomedical Labs., Inc., 807 F.Supp. 1212, 1216 (D.S.C.1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

## ANALYSIS

A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in Bivens actions, and vice versa. See Harlow v. Fitzgerald, 457 U.S. 800, 814–820, n. 30, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). See also Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Bolin v. Story, 225 F.3d 1234, 1241–1242 (11th Cir.2000); Campbell v. Civil Air Patrol, 131 F.Supp.2d 1303, 1310, n. 8 (M.D.Ala.2001) ("the court shall refer interchangeably to cases" decided under both § 1983 and Bivens.). However, a Bivens action is not the proper remedy in this action. While the Bivens Doctrine provides access to a federal forum for claims of unconstitutional treatment at the hands of federal officials and employees, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994) (citing Preiser v. Rodriguez, 411 U.S. 475 (1973)). Therefore, a 42 U.S.C. § 1983 or Bivens action challenging disciplinary convictions is barred by Heck, supra.[4] See also Poston v. Shappert, 222 Fed.Appx. 301, 301 (4th Cir. 2007) (unpublished) (applying Heck rationale to bar claims for damages under § 1983 and Bivens). In Heck, the Court held that a § 1983 claim is not cognizable if it implies the invalidity of a conviction. Heck, 512 U.S. 487. Heck's ruling was

---

[4] The rationale in Heck applies equally to Bivens actions. See Lora–Pena v. F.B.I., 529 F.3d 503, 506 n. 2 (3d Cir.2008) ("Although Heck involved a § 1983 action by a state prisoner, the reasoning in Heck has been applied to bar Bivens claims.") (citation omitted)); Messer v. Kelly, No. 97–7144, 1997 WL 712811 (4th Cir. Nov.17, 1997); Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir.1995).

subsequently extended to a prisoner's claim for damages regarding loss of good time credits in Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997) (a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). See Edwards v. Ogunsile, C/A No. 0:09–3319–TLW–PJG, 2011 WL 779884 at *3 (D.S.C. Jan.24, 2011) ("The rule in Heck applies to prison disciplinary convictions as well as criminal ones."). While Heck is not universally applicable to all suits challenging prison disciplinary proceedings or institutional offense convictions, see Muhammad v. Close, 540 U.S. 749, 751 (2004), in situations where the administrative action affects credits toward release based on good time served, Heck bars the § 1983 claim. Thus, Heck bars a prisoner's claim for damages under § 1983 or Bivens where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been successfully challenged.

The instant case alleges a violation of Plaintiff's due process rights associated with the failure to obtain a chemical analysis of a substance said to be Suboxone which led to a disciplinary hearing and conviction resulting in the disallowance of Good Conduct Time. Therefore, a favorable determination on the merits of the basis of Plaintiff's claims in this case would imply the invalidity of Plaintiff's disciplinary conviction. Accordingly, it is recommended that Defendants' Motion to Dismiss (doc. #28) be granted and this action dismissed with prejudice.

## CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Defendants' Motion to Dismiss

(doc. #28) be granted and this action dismissed with prejudice.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

March 2, 2017  
Florence, South Carolina