

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSE E. RIOS,<br>　　　　Plaintiff,<br><br>vs.<br><br>E. SLATER (F.N.U.),D.H.O. Officer, F.C.I.<br>Williamsburg; W. MCLEAN (F.N.U.), S.I.S.<br>Technician, F.C.I. Williamsburg; D.<br>WHITEHURST (F.N.U.), A.H.S.A., F.C.I.<br>Williamsburg,<br>　　　　Defendants. | §<br>§<br>§<br>§ CIVIL ACTION NO. 4:16-1314-MGL<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION TO DISMISS,
AND DISMISSING THE ACTION WITH PREJUDICE**

This case was filed as a *Bivens* action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Defendants' Motion to Dismiss be granted and this action be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on March 2, 2017, and the Clerk of Court entered Plaintiff's objections on March 20, 2017. The Court has reviewed the objections, but holds them to be without merit. Hence, it will enter judgment accordingly.

In a submission titled, <u>SHOW CAUSE ORDER</u> (Objection), Plaintiff states the following:

> Plaintiff, seeks for the Court to order a Show Cause hearing, requiring the defendants to provide the court with the proper documentation of the chemical analysis test, of the substance obtained by the defendants, said to be Suboxone, which led to Plaintiff's conviction and the disallowance of good conduct time of <u>(forty-one days (41).</u>
> Plaintiff has the right to be "free" from unreasonable seizure of his person---but upon a "showing" of probable cause.
> Thereby, plaintiff objects, and requests for the Court order the defendants to show probable cause by testing the said Suboxone, and to provide the Court its results, to sustain Plaintiff's conviction---in light of the Fourth Amendment to the U.S. Constitution.

ECF No. 39.

As the reader can see, Plaintiff failed to file any specific objections to the Report. Further, he has neglected to convince the Court his request for an Order to Show Cause is proper.

Simply put, the Court agrees with the Magistrate Judge's treatment of Defendants' Motion to Dismiss in his comprehensive and well-reasoned Report. Although *Heck v. Humphrey*, 512 U.S. 477 (1994) fails to apply "categorically to all suits challenging prison disciplinary proceedings[,]" *Muhammad v. Close*, 540 U.S. 749, 754 (2004), because "a favorable determination on the merits of the basis of Plaintiff's claims in this case would imply the invalidity of Plaintiff's disciplinary conviction[,] Report at 6, the Court must overrule Plaintiff's objections and grant Defendants' motion to dismiss.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report to the extent it does not

contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court Defendants' Motion to Dismiss is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**. Consequently, Defendants' Motion for Summary Judgment is **DEEMED MOOT**.

**IT IS SO ORDERED**.

Signed this 20th day of March, 2017, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.